UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NICHOLAS E. BARTYLLA, | Civil No. 10-791 (PJS/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner, a state prison inmate, commenced this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

On March 15, 2010, Petitioner filed a habeas corpus petition seeking relief from a 2007 state criminal conviction in Hennepin County, Minnesota. (Docket No. 1.) The Court reviewed the petition shortly after it was filed, and found it to be defective in several respects. In an order dated March 19, 2010, (Docket No. 7), the Court advised Petitioner of the defects that were found in his petition, and directed him to file an amended petition within 30 days. Petitioner was expressly informed that if he did not file an amended petition in a timely manner, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline for complying with the Court's prior order in this matter has now expired, and Petitioner has not filed an amended petition, nor has he offered any excuse

for his failure to do so. In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition nearly three months ago.

Therefore, it is now recommended, in accordance with the Court's prior order in this matter, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: June 9, 2010

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 24, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.